**UNITED STATES of America,**
**Plaintiff,**

v.

**ONE 2000 PONTIAC FIREBIRD TRANS AM, VIN 2GFV22G3Y2137921, with all appurtenances and attachments thereon, Defendant.**

**Case No. 11–CV–121–JPS.**

United States District Court,
E.D. Wisconsin.

Feb. 28, 2012.

___

Scott J. Campbell, United States Department of Justice, Milwaukee, WI, for Plaintiff.

## ORDER

J.P. STADTMUELLER, District Judge.

The United States brought this action seeking forfeiture of the vehicle of claimant, Dolores Tutaj ("Tutaj"), who was subject to criminal proceedings arising out of drug delivery charges brought against her in state court. The government alleges that the defendant vehicle is subject to forfeiture in this civil forfeiture action under 21 U.S.C. § 881(a)(4), which provides for the forfeiture of all vehicles used or intended to be used to facilitate the transportation or sale of controlled substances. On November 29, 2011, the government moved for summary judgment. (Docket # 16). Tutaj responded to this motion on January 4, 2012. (Docket # 25). With the benefit of the parties' written submissions, the court is now prepared to rule on the government's motion.

The relevant facts are straightforward. During the summer of 2010, Tutaj used her 2000 Pontiac Firebird Trans Am ("Trans Am") to facilitate her unlawful transportation and sale of Oxycontin, a Schedule II controlled substance, to a confidential informant, Robert Klump ("Klump"). Specifically, on August 6, 2010, Tutaj delivered and sold thirteen 60–milligram Oxycontin pills to Klump in a controlled-buy transaction that occurred in a store parking lot in Oak Creek, Wiscon-

sin. (Pl.'s Proposed Findings of Fact [PPFF] ¶ 23). Tutaj was driving the blue Trans Am when she delivered the pills to Klump. (*Id.*). A law enforcement officer recovered the thirteen pills from Klump immediately after the controlled buy, and, upon searching the defendant Trans Am, the law enforcement officer found $500 in pre-recorded buy money. (PPFF ¶¶ 37–38). Tutaj was subsequently convicted of delivery of Schedule I, II Narcotics in state court based on this transaction. (PPFF ¶ 48). Tutaj has admitted that: she sold the thirteen pills to Klump for $500 on August 6, 2010; she sold those pills from the Trans Am; and she used the Trans Am to transport the Oxycontin pills to sell in the illegal transaction. (PPFF ¶¶ 50–53).

The government also offers evidence that Tutaj used her Trans Am to deliver and sell Oxycontin on July 6, 2010. (PPFF ¶¶ 11–22). However, while Tutaj does not dispute that this transaction occurred, she does dispute her use of the Trans Am on this date. (Cl.'s Resp. to Pl.'s Mot. Summ. J. at 2). Furthermore, the government has also offered evidence from Klump that Tutaj used her Trans Am to deliver and sell Oxycontin or Percocet pills to Klump at least three times during the summer of 2009 and once during January or February of 2010. (PPFF ¶¶ 8–9).

The government has the burden of proof, and to obtain a forfeiture it must prove that "there was a substantial connection between the property and the offense," 18 U.S.C. § 983(c)(3). It asserts that the above facts establish that connection. The court agrees. Courts have routinely held that a claimant's use of a defendant vehicle to facilitate even a single drug transaction is sufficient, in itself, to establish that the vehicle is subject to forfeiture under the "substantial connection" test of 18 U.S.C. § 983(c)(3). *See United States*

*v. A 2000 Jeep Grand Jerokee*, 2008 WL 4691029 at *3 (N.D.Iowa Oct. 23, 2008) (granting summary judgment under substantial connection test where government proved that defendant vehicle was used on one occasion to deliver one ounce of cocaine); *United States v. One 2001 Mercedes Benz ML 320*, 668 F.Supp.2d 1132, 1135 (E.D.Wis.2009) (granting summary judgment under substantial connection test where government proved that defendant vehicle was used on one occasion to transport and distribute quantity of marijuana). Thus, even assuming the Trans Am was only used for the August 6, 2010 drug transaction, this is sufficient to establish the requisite "substantial connection." Accordingly, the government is entitled to summary judgment.

Therefore,

IT IS ORDERED that the government's motion for summary judgment (Docket # 16) be and the same is hereby GRANTED; and

IT IS FURTHER ORDERED that all right, title and interest of Dolores Tutaj to the defendant property be and the same is hereby FORFEITED pursuant to Title 21, United States Code, Section 881(a)(4).

The Clerk shall enter judgment accordingly.